FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 05, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUANA R. R[1], | No. 2:21-CV-03135-SAB |
| Plaintiff, | |
| v. | **ORDER DENYING** |
| COMMISSIONER OF SOCIAL | **PLAINTIFF'S MOTION FOR** |
| SECURITY ADMINISTRATION, | **SUMMARY JUDGMENT;** |
| Defendant. | **GRANTING DEFENDANT'S** |
| | **MOTION FOR SUMMARY** |
| | **JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 11, and Defendant's Cross-Motion for Summary Judgment, ECF No. 12. The motions were heard without oral argument. Plaintiff is represented by D. James Tree. Defendant is represented by Danielle Mroczek and Brian Donovan. For the reasons set forth below, the Court denies Plaintiff's motion, grants Defendant's motion, and affirms the administrative law judge ("ALJ") decision denying benefits.

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

**Jurisdiction**

On April 15, 2015, Plaintiff filed an application for Title II benefits, alleging disability beginning July 7, 2008.[2] On June 22, 2021, Plaintiff appeared and testified at a telephonic hearing before an ALJ. She was assisted by attorneys D. James Tree and Robert E. Tree. Susan Foster, vocational expert also participated. The ALJ issued a decision on August 4, 2021, finding that Plaintiff was not disabled.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on October 19, 2021. ECF No. 1. The matter is before this Court under 42 U.S.C. § 405(g).

**Sequential Evaluation Process**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to

---

[2] Plaintiff's application was denied initially and on reconsideration. Plaintiff filed a written request for hearing on January 6, 2016. A hearing was held before an ALJ on July 20, 2017. The ALJ affirmed the denial of benefits. Plaintiff appealed that decision to the district court. On April 20, 2020, the district court reversed and remanded the case. *See* 1:19-CV-03021-RHW, ECF No. 14.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1),

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

**I. Standard of Review**

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

### Statement of Facts

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court; only the most relevant facts are summarized here.

Plaintiff was 37 years old on the alleged date of onset. She attended school through the sixth grade in Mexico. Her preferred language is Spanish. She has little English skills. She is a naturalized U.S. citizen and has a drivers' license. Plaintiff and her husband have six children, who, at the time of the hearing, were between the ages of 34 and 14.

While working as a farmworker in 2008, she fell and injured her right shoulder. At the time, she was working as a bin checker. This involved checking the work of the pickers and tracking bins, and making notations on a clipboard. She had surgery on her shoulder in 2012 after she continued to experience subluxation (dislocation) of her shoulder.

At the hearing, Plaintiff testified that the pain and mobility in her right shoulder has gotten worse. She testified that she now experiences left shoulder pain because she has been using it more. She testified that she has good days and bad days, but on bad days, she rests and uses pain medication. As a result of her pain

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

and limitations, she experiences depression.

## The ALJ's Findings

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since July 7, 2008, the alleged onset date through December 31, 2012, her date last insured. AR 684.

At step two, the ALJ found Plaintiff has the following severe impairments: degenerative changes to the right shoulder; anterior right shoulder dislocation; status post arthroscopic debridement and stabilization; and degenerative disc disease of the spine. AR 684.

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal any Listing. AR 685.

The ALJ concluded that Plaintiff has the residual functional capacity to perform:

> light work as defined in 20 CFR 404.1567(b) except with the following additional limitations: she can occasionally push and pull; she must avoid repetitive pushing or pulling. She has an unlimited ability to climb ramps and stairs, but she can never climb ladders, ropes, or scaffolds. She is unlimited in balancing, stooping, kneeling, and crouching. She can frequently crawl. She cannot reach overhead with the right arm; she can only reach in other directions with the right arm on a frequent basis. She can lift ten pounds with the right hand if only using the right hand, but can lift 20 pounds if using the left upper extremity or both upper extremities.

AR. 685.

At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a checker I, and therefore is not under a disability. AR 691-92.

## Issues for Review

1. Did the ALJ properly evaluate Plaintiff's symptom testimony?
2. Did the ALJ properly evaluate the medical opinion evidence?
3. Did the ALJ properly evaluate the lay testimony?

//

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

**Discussion**

Plaintiff is seeking Title II benefits, beginning July 7, 2008. Because her date last insured is December 31, 2012, she must establish disability beginning July 7, 2008 through December 31, 2012.

### 1. Plaintiff's Symptom Testimony

Plaintiff alleges that she is unable to work due to shoulder pain and depression. The ALJ concluded that the medical evidence is not entirely consistent with her allegations.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin* 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id*. (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. §§ 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

> 1. Daily activities; 2. The location, duration, frequency, and intensity of pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3P, 2017 WL 5180304.

Daily activities may be grounds for an adverse credibility finding if (1) Plaintiff's activities contradict her other testimony, or (2) Plaintiff "is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

The ALJ provided clear and convincing reasons that are supported by substantial evidence in the record for concluding that Plaintiff's allegations of disability are not credible. Although the evidence established the existence of shoulder and spinal impairments that resulted in limitations, it did not support the existence of disabling limitations. The ALJ reasonably relied on inconsistency between the objective medical evidence from July 2008 through December 2012 and her complaints of disabling pain during this time. Imaging and studies generally were unremarkable, except for a rotator cuff tear and mild degenerative changes, but these were not believed to be related to Plaintiff's injury. The record demonstrated that she had improvement of her symptoms after surgery. The ALJ noted that Plaintiff engaged in activities that suggested she was not as limited as she alleged, and at least one evaluator believed that Plaintiff was more active than she wished to be known. The ALJ noted that Plaintiff is able to drive, which is

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

inconsistent with Plaintiff's allegations of disabling pain caused by her shoulders. The ALJ's conclusions are supported by substantial evidence.

For these same reasons, the ALJ reasonably evaluated the lay witness's statements, who, for the most part, made similar allegations. The ALJ gave germane reasons for rejecting the testimony of Plaintiff's daughters, former colleagues, and friends.

### 2. Evaluation of Medical Opinion Evidence

The medical opinion of a claimant's treating physician is given "controlling weight" as long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2); *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician. § 404.1527(c)(2)-(6). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Trevizo*, 871 F.3d at 675 (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison*, 759 F.3d at 1012–13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

### A. Dr. Fred Thysell

Dr. Fred Thysell was Plaintiff's family medicine provider. Dr. Thysell opined that Plaintiff could perform a reduced range of light level work. In 2011, he

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

identified that Plaintiff had a limited ability to use her right arm/hand to reach, work above shoulder height, grasp, lift, carry, push and pull. The ALJ concluded that his opinion regarding the limitations was unhelpful due the vagueness. That said, the ALJ seemingly incorporated Dr. Thysell's limitations in the RFC by specifying occasionally push and pull, but avoidance of repetitive pushing or pulling; and no reaching overhead with the right arm while only reaching in other directions with the right arm on a frequent basis. Thus, any perceived error by the ALJ in evaluating Dr. Thysell's opinions would have been harmless.

### B.   Dr. Silverio Arenas, Jr., Ph.D

Dr. Arenas examined Plaintiff in 2017. Based on this examination, he assessed marked mental health limitations because of his diagnoses of somatic symptoms disorder, major depressive disorder, anxiety disorder, and post-traumatic stress disorder. Dr. Arenas cited Plaintiff's 2008 injury as the source of her psychological conditions.

The ALJ gave no weight to Dr. Arenas's 2020 and 2021 opinions. The ALJ gave specific and legitimate reasons for doing so that are supported by substantial evidence in the record. First, the ALJ noted that Dr. Arenas saw Plaintiff only one time for a 2017 psychological evaluation and therefore had little foundation upon which to base his later opinions. Second, the ALJ noted that while Dr. Arenas indicated Plaintiff's limitations dated back to at least July 2008, he cited to no specific objective evidence to support this statement. The ALJ reasonably found that the opinions from a one-time examiner at least nine years after the period at issue was not instructive to Plaintiff's level of functioning during that period. Consequently, the ALJ's rejection of Dr. Arenas's diagnosis of somatic symptom was proper. There is nothing in Dr. Arenas's report to support a finding that Plaintiff had suffered from this diagnosis between 2008 and 2012.

//

//

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**

## Conclusion

Because the ALJ's opinion that Plaintiff was capable of performing past work is supported by substantial evidence and free of legal error, Plaintiff's Motion for Summary Judgment is denied, and Defendant's Motion for Summary Judgment is granted.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 11, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 12, is **GRANTED**.

3. The decision of the Commissioner denying benefits is **affirmed**.

4. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 5th day of July 2022.



Stanley A. Bastian
Chief United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11